# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Estaban,<br><br>        Petitioner,<br><br>v.<br><br>Craig Apker, Warden,<br><br>        Respondent, | CV 11-632 TUC DCB(DTF)<br><br>**O R D E R** |

    This matter was referred to Magistrate Judge <u>D. Thomas Ferraro</u>, on October 17, 2011. Pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a), he issued a Report and Recommendation (R&R) on June 7, 2012. (Doc. 8: R&R)**.** He recommends that this Court dismiss the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241.

<u>STANDARD OF REVIEW</u>

    The duties of the district court, when reviewing a Report and Recommendation (R&R) of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objections have been filed.

## REPORT AND RECOMMENDATION

The Honorable D. Thomas Ferraro, United States Magistrate Judge, considered whether Petitioner's due process rights were violated by a disciplinary hearing officer's finding he committed an assault on another prisoner, Santiago. Petitioner argued that there was insufficient evidence to support the finding. In order to comport with due process, a disciplinary decision must have some support, but only by 'some evidence' in the record." (R&R at 3 (quoting *Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 445-56 (1985)). There was an eye-witness third-party account, the victim, Santiago, and the Petitioner both testified, and a photograph was introduced that showed Santiago was injured. At best the evidence suggests the strike may not have been directed at a particular individual, but there was evidence presented at the hearing to support the conclusion that it was not an accident because Petitioner "was having family issues and swung out his arm," hitting Santiago. (R&R at 3-5.)

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.")  To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

While there are no objections and review has, therefore, been waived, the Court nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449,

455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)).  The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989).  The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court dismisses the Petition for Writ of Habeas Corpus.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (Doc. # 8) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (Doc. 1) is DISMISSED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that because Petitioner did not file any objection to the R&R, any appeal will not be taken in good faith. 28 U.S.C. 1915(a)(3) and FRAP 24(a).

DATED this 27th day of July, 2012.

David C. Bury
United States District Judge